Affirmed and Majority and Concurring Opinions filed November 30, 2004









Affirmed and Majority and Concurring Opinions filed
November 30, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01447-CV

____________

 

MARIA ISABEL
MARTINEZ,
Appellant

 

V.

 

DANIEL RUEL
MARTINEZ,
Appellee

 



 

On Appeal from the 328th
District Court

Fort Bend County, Texas

Trial Court Cause No. 03-CV-129866

 



 

C O N C U R R I N G   O P I N I O N

I join the majority opinion.  However, I write separately because I believe
the Craddock test, used by courts to determine if a default judgment
should be set aside, is ill suited for resolving any issue in a suit affecting
the parent-child relationship (SAPCR).  

This is not the first time we have
encountered this problem.  We also
addressed it in Lowe v. Lowe, 971 S.W.2d 720, 725–27 (Tex.
App.—Houston [14th Dist.] 1998, pet. denied). 









There we discussed a number of reasons Craddock
should not apply to a SAPCR:

1.        Craddock
was designed to apply to traditional civil litigation involving only two
competing interests.  In cases involving
the parent-child relationship, three interests often are involved: the
mother’s, the father’s, and the child’s. 
Lowe, 971 S.W.2d at 725.

2.       Craddock
does not give the court the flexibility to even consider the one
interest of paramount importance in a suit involving the parent-child
relationship: the child’s best interest.  Tex. Fam. Code § 153.002;  Lowe, 971 S.W.2d at 725.

3.       Craddock
assumes an adversarial context, yet the Family Code has shed its adversarial
trappings.  See, e.g., Tex. Fam. Code § 102.008 (stating that
a petition involving the parent-child relationship is styled “In the Interest
of _________________, a Child”); Tex. Fam.
Code § 6.401 (stating that a petition to end the marital relationship is
entitled “In the Matter of the Marriage of                                 and ________________”); see also Tex. Fam. Code § 153.007 (stating
provision was designed to promote amicable settlements concerning
conservatorship); Tex. Fam. Code
§ 153.0071 (providing that the parents can agree to use dispute resolution
procedures); Tex. Fam. Code §
153.0072 (providing that the parties in a suit involving the parent-child
relationship can agree to resort to collaborative law procedures); Lowe,
971 S.W.2d at 726.

4.       The
second prong of Craddock requires the court to determine if the
defendant has a meritorious defense to the suit.  That determination does not fit well in the
parent-child context for, in a custody dispute, there are no true
defenses.  The goal of the court is to
reach an outcome that is in the best interests of the child.  Tex.
Fam. Code § 153.002; Lowe, 971 S.W.2d at 726.

These problems underscore the need for a
new test.  The courts of this state have
already implicitly acknowledged the problem. 
For example, the majority mentions that some courts apply Craddock
“liberally” when reviewing a default judgment entered in a SAPCR. See, e.g.,
Comanche Nation v. Fox, 128 S.W.3d 745,749–50 (Tex. App.—Austin 2004, no
pet.).  However, for the reasons already
stated, applying Craddock liberally is a very poor substitute for
fashioning a new, more appropriate rule.








For all of these reasons, I urge the Texas
Supreme Court to discard the Craddock rule and adopt a new rule for use
in suits involving the parent-child relationship or urge the Family Bar to
propose a more appropriate rule to use in this context, and I concur in the
court’s opinion.

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Majority and Concurring Opinions filed November 30, 2004.

Panel consists of Chief Justice
Hedges and Justices Fowler and Seymore. (Fowler, J. concurring).